UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IRENALDO LARRONDO
BARRERA,

          Plaintiff,

   v.

WARDEN, SOUTH FLORIDA
DETENTION FACILITY,  US
ATTORNEY GENERAL,

          Defendants,

Case No. 2:26-cv-1992-KCD-KRH

---

### ORDER

Petitioner Irenaldo Larrondo Barrera has filed a pro se habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement. (Doc. 1.) As best the Court can tell, he claims that his continued detention violates the Fifth Amendment as interpreted by *Zadvydas v. Davis*, 533 U.S. 678 (2001). (*Id.* at 7-8.) The Government has responded in opposition. (Doc. 7.)

This is Barrera's second petition. The prior case was dismissed because it was filed within the presumptively reasonable six-month detention period set forth in *Zadvydas*. *See* Case No. 2:26-cv-1581-KCD-KRH. Because Barrera's detention is still within the six-month window, and the petition here raises the same arguments as before, the same result applies.

It does appear that Barrera raises one new claim. He alleges that the Government improperly revoked his supervised release. (Doc. 1 at 7.) But he fails to identify the procedures that were withheld such that the Court can resolve this question. But in any event, the legal statements Barrera makes about the Government's authority to revoke his release are simply wrong. *See Tran v. Warden, Fla. Soft Side S. Det. Ctr.*, No. 2:25-CV-1224-KCD-NPM, 2026 WL 672969, at \*7 (M.D. Fla. Mar. 10, 2026).

Accordingly, the habeas petition (Doc. 1) is **DENIED**. However, this denial is without prejudice to Barrera refiling a new petition should his current detention *exceed the six-month mark*, and he can demonstrate there is no significant likelihood of removal in the reasonably foreseeable future. The Clerk is **DIRECTED** to terminate any pending motions and close the case.

**ORDERED** in Fort Myers, Florida on July 7, 2026.

Kyle C. Dudek
United States District Judge